F. H. SAWYER v. R. H. SWEET.

[FILED JANUARY 4, 1892.]

1. **Elections:** CONTEST: TIME OF FILING COMPLAINT. In a contest of election for a county office the complaint may be filed at any time within twenty days after the votes of the county are canvassed. The county clerk is required, with two disinterested electors of the county, to canvass the votes within six days after the closing of the polls.

2. ———: ———: ———. Where neither the pleading nor proof shows an earlier date, the twenty days in which to file a complaint in the county court will not commence until the expiration of the time limited in which the canvass may be made.

3. **Appeal:** REVERSAL OF JUDGMENT ON PLEADINGS. Where a case is decided in the county court on the pleadings alone, the district court, on reversing the case, should remand it for trial on its merits.

Sawyer v. Sweet.

ERROR to the district court for Loup county. Tried below before HARRISON, J.

*A. S. Moon,* and *C. I. Bragg,* for plaintiff in error, cited: *Skerrett's Case,* Brightley's Lead. Cas., 320 ; *B. & M. R. Co. v. Young Bear,* 17 Neb., 670 ; *B. & M. R. Co. v. Kearney Co.,* Id., 516 ; McCreary, Elections [3d Ed.], 260 ; *Nuckolls v. Irwin,* 2 Neb., 65 ; *Horn v. Miller,* 20 Id., 104 ; *Smiley v. Sampson,* 1 Id., 70 ; *Morrill v. Taylor,* 6 Id., 242 ; *S. C. & P. R. Co. v. Washington Co.,* 3 Id., 41 ; *Massie's Heirs v. Donaldson,* 8 O., 377 ; *Doody v. Vaugn,* 7 Id., 32 ; *Brondberg v. Babbott,* 14 Id., 519 ; *U. P. R. Co. v. Ogilvy,* 18 Neb., 639 ; *Torbet v. Coffin,* 6 O., 34 ; *McClarey v. McLain,* 2 O. St., 370 ; *Evans v. Iles,* 7 Id., 236 ; *Rohn v. Dunbar,* 13 Id., 572 ; *Hamilton v. Merrill,* 37 Id., 684 ; *Edwards v. Knight,* 8 O., 875 ; *Lumpkin v. Collier,* 69 Mo., 170 ; *Scoville v. Glasner,* 79 Id., 449 ; *Smith v. Gould,* 61 Wis., 31 ; *Mayer v. Woodbury,* 14 Ia., 57 ; *Mann v. Cassidy,* 1 Brews. [Pa.], 32 ; *Thompson v. Ewing,* Id., 97 ; Am. & Eng. Ency. Law [Ed. 1888], 407 ; *Merrill v. Wedgwood,* 25 Neb., 280.

*E. J. Clements,* and *C. A. Munn, contra,* cited : 6 Am. & Eng. Ency. Law, 414 ; *Knox Co. v. Davis,* 63 Ill., 415 ; *Ellis v. Reddin,* 12 Kan., 307 ; *Miller v. Bogart,* 19 Id., 118 ; *Buckland v. Goit,* 23 Id., 327 ; *Burley v. State,* 1 Neb., 394 ; *Mills v. Miller,* 2 Id., 315 ; *Hurford v. Baker,* 17 Id., 443 ; *Sherwin v. O'Connor,* 23 Id., 222 ; *Follett v. Delow,* 3 Bartlett's Contested Election Cases, 116 ; *Hull v. Miller,* 4 Neb., 503 ; *State v. Peniston,* 11 Id., 100 ; *Burke v. Perry,* 26 Id., 414 ; *Preston v. Culbertson,* 58 Cal., 207 ; Paine, Elections, sec. 765 ; *State v. Minnick,* 15 Ia., 123 ; *Davis v. Best,* 2 Id., 96 ; *Campbell v. Crone,* 10 Neb., 573 ; *Berrer v. Moorhead,* 22 Id., 691 ; *Freeman v. Webb,* 21 Id., 160 ; *McKeighan v. Hopkins,* 19 Id., 34 ; *K. P. R. Co. v. Salmon,* 14 Kan., 513 ; *Hale v. Wigton,* 20 Neb., 83 ; *Todd*

v. *Cass Co.*, 30 Id., 823; *Brown v. McCollum*, 41 N. W. Rep. [Ia.], 197; *Heyfron v. Mahony*, 24 Pac. Rep. [Mont.], 93; *Bell v. Templin*, 26 Neb., 249; *Steinkraus v. Hurlbert*, 20 Id., 519.

MAXWELL, J.

On the 27th day of November, 1889, the defendant in error filed in the county court of Loup county a petition alleging that at an election held on the 5th day of November, 1889, the plaintiff in error had received for the office of county clerk of said Loup county illegal votes, and that legal votes had been rejected for defendant in error for the same office sufficient to change the result; praying for ouster, and that defendant in error be declared duly elected to said office. The petition alleged that the incumbent, plaintiff in error, received one hundred and eighty-one votes and the contestant one hundred and seventy-nine. It is further alleged that there were five illegal votes cast and counted for plaintiff in error in Little York precinct by the following persons: (naming them). Afterwards, on the 31st day of December, 1889, and before the return day of the summons, defendant in error filed an amended petition giving plaintiff in error notice thereof, with the same allegations as the original, except that in Little York precinct six illegal votes were cast for plaintiff in error by the following persons: (naming two more than in the original petition and omitting one).

This amended petition was stricken from the files on motion of plaintiff in error, whereupon defendant filed second amended petition setting up the same facts as first amended petition; whereupon, on motion of plaintiff in error, the new matter in regard to the illegal votes of (certain parties named) was stricken out. The defendant in error filed other amended petitions, substantially the same as the second amended complaint, which were disposed of the same as the second, that is, by striking out the new matter.

Afterwards this plaintiff answered and defendant replied. The case was continued to the next term upon application of defendant in error. Whereupon, at the next term, defendant in error filed a motion to be allowed to file an amended petition substantially the same as those filed before, which was overruled, the same motion having been before the court and overruled previously. The defendant in error refused to produce any evidence, whereupon the case was dismissed at cost of defendant in error. The defendant in error thereupon commenced proceedings in error in the district court of Loup county to obtain the reversal of the judgment of the county court. Upon the hearing of said cause the district court reversed the judgment of the county court and remanded the cause back to the county court for trial, taxing the costs up to time of judgment to the plaintiff in error. The first objection of the plaintiff in error is that the petition, being filed on November 27, or twenty-two days after the election, that the court had no jurisdiction of the case.

Sec. 46 of chapter 26, Compiled Statutes, provides that "Upon the reception of the returns of each election precinct, township, or ward by the county clerk, directed by him as hereinbefore provided, and within *six days* after the closing of the polls, he, together with two disinterested electors of the county, to be chosen by himself, shall open the poll books and from the returns therein make abstracts of the votes cast in the following manner: of votes for governor, lieutenant governor, members of congress, secretary of state, auditor of public accounts, state treasurer, attorney general, state superintendent of public instruction, commissioner of public lands and buildings, and district attorneys, on one sheet; of votes for presidential electors on another sheet; of votes expressing the choice of electors for United States senator on another sheet; of votes for judges of the supreme and district courts, and regents of the university, on another sheet; of votes for members

of the legislature from the county alone, on another sheet;
of votes for members of the legislature by districts com-
prising more than one county, on another sheet; and of
votes for county, precinct, and township officers, on another
sheet. The foregoing abstracts shall be preserved by the
county clerk in his office."

The canvass of the votes in a county is to be made
within six days after the closing of the polls. In the ab-
sence of any showing to the contrary, it will be presumed
that the official did his duty, and had the votes canvassed
within the time named. There is no presumption, how-
ever, that he did this on the first, second, or other day after
election. That is a matter of pleading and proof. In the
absence of either, the statute would not begin to run until
the expiration of the time limited, or the six days. This
being so, the petition was filed in sufficient time, and the
county court had jurisdiction. Both parties distinguished
themselves by the number of motions filed, and perhaps it
is not a matter of surprise that the county judge, who
seems to have been anxious to do his duty, erred in ruling
upon some of them. A case of this kind is like any other,
to be tried upon the merits to carry out, if possible, the
intention of the lawful electors. No testimony was taken
in the county court, because apparently that court had so
bound itself up by its own rulings that but little testimony
could be introduced. The district court, therefore, prop-
erly reversed the judgment of the county court, and re-
manded the cause for trial. There is no error in the
record, and the judgment is

AFFIRMED.

THE other judges concur.